IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31435
Conference Calendar

_____

WILLIE EARL BERRY,

                                        Plaintiff-Appellant,

versus

CHARLES C. FOTI, JR.; ORLEANS PARISH PRISON
MEDICAL DEPARTMENT; MARVIN GATES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-1752
--------------------
December 11, 2001
Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Willie Earl Berry, Orleans Parish prison inmate No. 946266,
appeals the dismissal of his 42 U.S.C. § 1983 suit.  Berry
alleged that he was not timely transferred to the custody of the
Louisiana Department of Corrections following his conviction for
aggravated battery and that the medical care he received at the
Orleans Parish Prison was constitutionally inadequate.  The
district court dismissed the complaint as legally frivolous and
for failure to state a claim.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Berry has abandoned his arguments concerning a transfer to the Louisiana Department of Corrections by failing to address the issue in his appellate brief. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Berry's arguments concerning his claims of inadequate medical treatment are not supported by citation to the record or to legal authority. Although this court liberally construes the briefs of pro se litigants, pro se parties must still brief the issues and comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995); FED. R. APP. P. 28(a)(7) and (9)(A). Berry's appeal is inadequately briefed, and we thus DISMISS the appeal as frivolous. 5TH CIR. R. 42.2.

The dismissal of the instant appeal as frivolous and the district court's dismissal of the civil rights complaint as frivolous both count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Berry is cautioned that, once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.